## Cumberland Fluorspar Corporation et al. v. Waddell.

Nov. 17, 1944.

Charles Ferguson for appellants.

C. H. Wilson for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee, Waddell, sued Herschel Wring, Charles Burk, Ernest Curtis Leahman, Cumberland Fluorspar Corporation, F. S. Hofus, trustee of Dover Fluorspar Corporation and successor of Charles Burk. The Cumberland Fluorspar Corporation, Hofus, Burk, and Leahman have appealed from a default judgment and from an order of the Chancellor overruling their motion to vacate the judgment and quash the order of attachment theretofore issued and levied. The relief sought in the original petition was a cancellation of a mineral lease executed by appellee to Wring, and the recovery of accrued rentals aggregating $290 plus interest from February 26, 1943, the date on which the petition was filed. The appellants were sought to be held liable under the following allegation which we quote from the petition:

"Plaintiff states that the defendant, Herschel Wring, on the — day of ——— 1942 assigned the above and foregoing quoted lease to Cumberland Fluorspar

Company; that thereafter on the — day of ———, 19— the Cumberland Fluorspar corporation transferred said lease above quoted to the defendants, Charles Burk and Ernest Curtis Leahman, trading and doing business under the firm name and style of Dover Fluorspar Corporation; plaintiff states that he is informed, charges and believes to be a fact, that the defendant F. S. Hofus, claims to be the trustee of Dover Fluorspar Company. and successor of Charles Burk, and does have some interest in or connection with the property covered by the lease quoted herein and the purpose of said lease, just what the connection is or the rights of the said F. S. Hofus in and about said matter is unknown to the plaintiff.''

However, by an amended petition filed on March 19, 1943, the appellee withdrew the allegation that Wring had assigned the lease and affirmatively alleged that he was the sole owner thereof. Notwithstanding this fact, appellee, on March 23, 1943, filed an amended petition alleging the nonresidency of, and requesting a warning order for the appellants, Burk and Leahman individually and ''F. S. Hofus trustee for Dover Fluorspar Company and successor of Charles Burk and F. S. Hofus individually.'' Thereafter, appellee filed four amended petitions on which no process whatever was issued, progressively increasing to $690 the amount claimed for rentals. Also in the sixth and final amendment he prayed for a general order of attachment in the sum of $690; but it does not appear that any attachment was ever issued other than an attachment for $290 at the time the original petition was filed. It should also be noted that this attachment on the day following the institution of the suit had been levied on certain machinery and tools which the Sheriff left on the property where it was found, and that prior to the filing of the final amendment, the appellant, Hofus, had executed, with surety; a bond for the forthcoming of the property.

With the record in this condition, the Chancellor cancelled the lease, awarded a personal judgment against appellants for $690 with interest and costs, sustained the attachment, and awarded appellee a lien on the attached property for $690 with interest and costs, and directed its sale by the Master Commissioner in satisfaction of the lien. With so much of the judgment as cancelled the lease, we are not concerned, since

Wring, the lessee, has not appealed; the appellants contend that no cause of action was stated as to them; that the attachment was void; that several of them were not before the Court when the judgment was rendered; and that the Court should have filed an answer of the Cumberland Fluorspar Corporation and F. S. Hofus, in which Hofus alleged his ownership of the attached property, tendered a few days after the judgment had been rendered but at the same term of Court. The Chancellor's reasons for not allowing the tendered answer to be filed are stated by him as follows:

"About July 2, 1943, the defendant's attorney asked the court for time in which to plead, and the court granted the request, but no order was made to that effect. A few days thereafter the plaintiff's attorney made known to the court that there was an action pending in which the defendants had been summoned for several months, and no defense had been made, and asked for judgment. The court granted the request, not knowing at the time that it was the same case in which he had told the defendant's attorney he might have time to plead.

"The judgment asked by the plaintiff was immediately placed on the order book and signed the next morning by the judge.

"It seems that the plaintiff's attorney did not know that the court had told the defendant's attorney that he might have time to plead. So all parties were acting in good faith in the premises. * * *

"An answer filed after judgment has been rendered, without setting the judgment aside, is of no value so far as that case is concerned. Had the defendant on the last day of the term, when the court suggested that order be made setting aside the judgment, moved the court to set aside the judgment and permit the defendant to answer, under the conditions shown in this record, the court would have been compelled to have done so. But when the defendant let the term of court close, and not make motion to set aside the judgment, the court is powerless to give the defendant any relief. The court cannot practice the case for litigants. They must look after their own case. All that I was justified in doing was to suggest that the judgment be set aside."

The tendered answer was accompanied by an affi-

davit setting up "oversight" as an excuse for its not having been filed when due, and though this excuse is ordinarily insufficient, nevertheless, since the petition failed to state even the semblance of a cause of action against the defendants other than Wring, no assumption of the lease having been alleged and even the allegation that it had been assigned having been withdrawn, the Court, under the circumstances shown, should have treated the tender of the answer as a motion to set aside the default judgment, assuming such a motion was necessary, set the judgment against appellants aside and filed the answer. The judgment was not only erroneous because of the failure of the petition to state a cause of action against the defendants other than Wring, but void in so far as it adjudged a recovery against the nonresidents who were before the Court by constructive service, if at all, and insofar as it sustained the attachment and awarded a lien on the attached property in excess of $290 and costs, the amount for which it had been issued. It is claimed by appellants that the grounds on which the attachment was issued were insufficiently stated and that the sheriff's return was defective, but we find nothing in the slight departure from the language of the Code to render the attachment void, and, since the appellee may amend the grounds if he deems it necessary and the sheriff may amend his return, and the Court will eventually have to try the action on its merits if the pleadings are amended so as to state a cause of action against the appellants other than Wring, it is unnecessary for us to make any ruling with respect to the attachment other than to state that in any event it could not have entitled appellee to a lien for an amount in excess of that claimed in the original petition.

Following the Court's refusal to permit the filing of the tendered answer, an appeal from the judgment was prosecuted to this Court but dismissed because the record had not been filed within the prescribed time. Thereafter, and prior to the present appeal, appellants again moved the Court to vacate the judgment and file the tendered answer, whereupon, the Court set aside so much of the judgment as awarded a recovery against Hofus "as trustee for the Dover Fluorspar Company," but overruled the rest of the motion. The relief which should have been granted appellants we have heretofore indicated, thus rendering unnecessary any discussion of other assigned errors or the legal or procedural ques-

tions, twenty in number, which the Chancellor in his final opinion said had perplexed him. His twenty-first query, preceded by his statement of the reasons which impelled him to propound it, we submit to the Bar for its consideration:

"I am satisfied what the answers to the foregoing questions by the plaintiff's attorney will be, and likewise I am satisfied what the answers of defendant's attorney will be. But as for me I want to know what the law is with reference thereto. I spent one day in trying to find some law in two of them and did not get very far, and was about as well informed when the day was gone as when I began. Is there such a thing as working a judge to death; and that reminds me:

"21. If a judge die will he live again?"

Judgment reversed for proceedings consistent with this opinion.